UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAE'NIEK SHATORI FORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC f/k/a WAL-MART STORES, INC.,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, RAE'NIEK SHATORI FORD, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, JOHNSON BECKER, PLLC and DIAMOND~MASSONG, PLLC, and hereby submits the following Complaint and Demand for Jury Trial against Defendant, WALMART, INC f/k/a WAL-MART STORES, INC. (hereafter referred to as "Walmart" or "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### I.    NATURE OF THE CASE

1.    This is a product liability action based upon causes of action under the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.,* for strict liability, negligence, breach of implied warranties, etc., seeking recovery for substantial personal injuries and damages suffered by Plaintiff.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 1

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬥ 206.445.1257 Fax

2.      Plaintiff seeks recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an Instant Pot Duo  60, (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Walmart and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, LLC f/k/a Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See In *re: Instant Brands Acquisition Holdings, Inc., et al.*, 4:2023-bk-90716 [Dkt. 1].

3.      Defendants market, import, distribute, and sell a wide-range of consumer products, including the subject pressure cooker that is at issue in this case.

4.      Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety" features, which claim to prevent the units from being opened while in use.[1] Despite these claims of "safety," Defendants marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

5.      Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing him serious and substantial bodily injuries and damages.

6.      On or about March 24, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 2

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cooker's supposed safety features, which purport to keep the consumer safe while using the pressure cooker.

7.    Defendant knew or should have known of these defects, but have nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

8.    As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## II.    RAE'NIEK SHATORI FORD

9.    Plaintiff is a resident and citizen of the City of Tacoma, County of Pierce, State of Washington.

10.    Plaintiff and/or her family purchased the subject pressure cooker online from Walmart located in Denver, Colorado.

11.    On or about March 23, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety features," which purport to keep the consumer safe while using the pressure cooker.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 3

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬦ 206.445.1257 Fax

### III.    WALMART, INC f/k/a WAL-MART STORES, INC.

12.    Defendant Walmart, Inc. f/k/a Wal-Mart Stores, Inc. ("Walmart") markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

13.    Defendant Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

14.    At all times relevant, Costco substantially participated in the marketing, import, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

### IV.    JURISDICTION AND VENUE

19.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

20.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

21.    Venue in this Court is also proper pursuant to 28 U.S.C. § 1391 in that Walmart has sufficient minimum contacts with the State of Washington and intentionally availed itself of the markets within Washington through the promotion, sale, marketing, and distribution of its products.

### V.    FACTUAL BACKGROUND

22.    The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, LLC.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 4

23.    On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See In re: Instant Brands Acquisition Holdings, Inc., et al., 4:2023-bk-90716 [Dkt. 1].

24.    The pressure cookers marketed, imported, distributed, and sold by Defendant purport to be designed with "safety mechanisms" which promise to "eliminate many common errors which may cause harm or spoil food."[2]

25.    By reason of the forgoing acts or omissions, the above-named Plaintiff and her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

26.    Plaintiff used her pressure cooker for its intended purpose of preparing meals for himself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

27.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured, and ultimately sold and distributed by the Defendant in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

28.    The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

29.    Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

---

[2] *See* "10 Safety Mechanisms – Duo, Duo Plus, Lux, Nova, Nova Plus and Viva," https://www.instanthome.com/support/instant/resources (last accessed March 20, 2023).

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 5

30.     Defendant knew or should have known that the pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal their knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

31.     As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, it's negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

32.     Consequently, Plaintiff in this case seeks compensatory damages resulting from the use of the subject pressure cooker as described above, which has caused Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

### VI.     CLAIMS FOR RELIEF

### COUNT I - STRICT PRODUCTS LIABILITY

33.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

34.     This count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq.*

35.     At the time of Plaintiff's injuries, the pressure cookers marketed, imported, distributed, and sold by Defendant were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

36.     The subject pressure cookers, including Plaintiff's pressure cookers, were in the same or substantially similar condition as when they left the possession of Defendant.

37.     Plaintiff did not misuse or materially alter the pressure cooker.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 6

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

38.    The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

39.    Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a.    The pressure cookers imported, distributed, marketed, supplied and/or sold by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b.    The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c.    Defendants failed to properly import, distribute, market, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d.    Defendants failed to warn and place adequate warnings and instructions on the pressure cookers; and

e.    Defendants failed to adequately test the pressure cookers.

40.    Defendants' actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT II - NEGLIGENCE

41.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

42.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 7

DiamondMassong, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬩ 206.445.1257 Fax

43.    Defendant had a duty of reasonable care to import, distribute, market, supply, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

44.    Defendant failed to exercise ordinary care in the import, distribution, supply, warnings, quality assurance, quality control, advertising, marketing, promotion, and sale of the subject pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

45.    Defendant was negligent in the, import, distribution, supply, advertising, warning, marketing and sale of the subject pressure cookers in that, among other things, they:

a.    Failed to use due care in importing, distributing, supplying, advertising, marketing and selling the pressure cookers to avoid the aforementioned risks to individuals;

b.    Placed an unsafe product into the stream of commerce; and

c.    Were otherwise careless or negligent.

46.    Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market (and continue to do so) the pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT III

### BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

47.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

48.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 8

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

49.    Defendant imported, marketed, distributed, supplied, and sold the subject pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

50.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

51.    The pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

52.    Plaintiff in this case reasonably relied on Defendants' representations that the pressure cookers were a quick, effective and safe means of cooking.

53.    Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**COUNT IV**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

54.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

55.    This Count is brought pursuant to the Washington Product Liability Act ("WPLA") RCW 7.72.010, *et seq*.

56.    At the time Defendant imported, marketed, supplied, distributed and sold the subject pressure cookers to the Plaintiff in this case, Defendant warranted that the pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

57.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 9

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

58.    The pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

59.    Plaintiff in this case and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

60.    Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## VII.    INJURIES & DAMAGES

61.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident.  Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

62.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

63.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 10

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ◆ 206.445.1257 Fax

damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. Judgment for Plaintiff and against Defendant;

b. Damages to compensate Plaintiff for her injuries and suffering sustained as a result of the use of the Defendants' pressure cooker;

c. Pre- and post-judgment interest at the lawful rate;

d. A trial by jury on all issues of the case; and

e. For any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 11

DIAMONDMASSONG, PLLC
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
206.445.1258 Phone ⬧ 206.445.1257 Fax

Respectfully submitted,

**DIAMOND MASSONG, PLLC**

By: /s/ Maria S. Diamond
Maria S. Diamond, WSBA No. 13472
1325 Fourth Avenue, Suite 1744
Seattle, WA 98101
(206) 445-1258
maria@diamondmassong.com

*In association with:*

**JOHNSON BECKER, PLLC**

*/s/* Adam J. Kress
Adam J. Kress, Esq., MN ID #0397289
*Pro Hac Vice application forthcoming*
Anna R. Rick, Esq., MN ID #0401065
*Pro Hac Vice application forthcoming*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800

COMPLAINT FOR DAMAGES AND DEMAND FOR
JURY TRIAL - 12